IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL BEGNOCHE,                        :
                                      :
              Petitioner,             :
     v.                               :   3:15-CV-2047
                                      :   (JUDGE MARIANI)
BRIAN THOMPSON, et al.,               :
                                      :
              Respondents.            :

## MEMORANDUM

### I.   Background

Petitioner Paul Begnoche ("Petitioner"), an inmate currently confined at the State

Correctional Institution at Mercer, in Mercer, Pennsylvania, filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Presently pending before the Court

is Petitioner's eighth Motion to Appoint Counsel.  (Doc. 173).  For the reasons set forth

below, the Court will deny the Motion.

### II.   *Discussion*

Although prisoners have no constitutional or statutory right to appointment of counsel

in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 772, 752 (1991),

the Court has broad discretionary power to appoint counsel to a financially eligible habeas

petitioner if "the interests of justice so require . . . " 18 U.S.C. § 3006A(a)(2)[1].  *See also*

---

[1]     Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel,
"[w]henever the United States magistrate judge or the court determines that the interests of justice so
require" and such person is "financially eligible."  18 U.S.C. § 3006A(a)(2).

Case 3:15-cv-02047-RDM   Document 190   Filed 07/09/20   Page 2 of 4

*Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147,

153 (3d Cir. 1993), *aff'd*, 275 F.3d 33 (3d Cir. 2001). The United States Court of Appeals

for the Third Circuit has stated that appointment of counsel for an indigent litigant should be

made when circumstances indicate "the likelihood of substantial prejudice to him resulting,

for example, from his probable inability without such assistance to present the facts and

legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*,

741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the

"precious commodity" of volunteer counsel is whether the case has some arguable merit in

fact or law. *Montgomery*, 294 F.3d at 499. If a petitioner overcomes this threshold hurdle,

other factors to be examined are:

(1)     the claimant's ability to present his or her own case;
(2)     the difficulty of the particular legal issues;
(3)     the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
(4)     the claimant's capacity to retain counsel on his or her own behalf;
(5)     the extent to which the case is likely to turn on credibility determinations; and,
(6)     whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other

factors to be taken into consideration: (1) the court's willingness to aid the indigent party in

presenting his or her own case; and (2) the available supply of lawyers willing to accept

section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 F. App'x 153 (3d Cir. 2007).

Assuming *arguendo* that the petition has merit, Petitioner fails to set forth any special circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155-56. Petitioner bases the motion on the alleged complexity of the case, his limited knowledge of the law, the alleged benefit to the judicial economy of the Third Circuit, the length of time since filing his petition, his lack of court-appointed state PCRA counsel, the ineffectiveness of his state PCRA counsel, and the prejudice he allegedly suffered due to a lack of counsel. (Doc. 174).  However, Petitioner has demonstrated he is intimately familiar with the facts of his case and demonstrated the ability to present comprehensible arguments, even citing to case law and law journals to support his lengthy filings. Petitioner represented himself when litigating his PCRA petitions, even appealing the decisions to the Supreme Court of Pennsylvania. He has also adequately represented himself in litigating his federal petition to this point. The legal issues presented by Petitioner are not particularly complex and do not require testimony of expert witnesses. Furthermore, despite his incarceration, investigation of the facts does not seem beyond Petitioner's capabilities.  Moreover, the Court notes that it does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Petitioner will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Petitioner's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July ___, 2020