IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL BEGNOCHE, :
:
      Petitioner, :
v. : 3:15-CV-2047
: (JUDGE MARIANI)
BRIAN THOMPSON, et al., :
:
      Respondents. :

## MEMORANDUM

Pending before the Court is Petitioner Paul Begnoche's Motion for Reconsideration (Doc. 181). Petitioner seeks reconsideration of the Court's Order (Doc. 177) denying his "Motion for Evidentiary Hearing on the Merits of the Petition Pleadings" (Doc 164). The Court finds that Petitioner has not demonstrated a basis for reconsideration.

"The purpose of a motion for reconsideration...is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). A party seeking reconsideration must demonstrate at least one of the three grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Moreover, "motions for reconsideration should not be used to

put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F. Supp. 2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

Petitioner's Motion reiterates three arguments in support of his motion for an evidentiary hearing: he has an "alibi defense", his claimed "actual and factual innocence," and "Sixth Amendment ineffective assistance of meaningful trial counsel, appellate counsel and deliberate 'Constructive Innefective [sic] Assisatnce [sic] of Counsel." (Doc. 181, at 3–4). Petitioner made all three of these arguments in his prior Motion (*see* Doc. 164) and is merely seeking to reargue a matter that has already been argued and disposed of. Petitioner does not present any basis that would support his motion for reconsideration. Petitioner does not identify any intervening changes in controlling law, any new evidence that was not available previously, any clear error of law or fact which must be corrected or any manifest injustice which has, or may, arise as a result of this Court's order.

Therefore, there is no basis for the Court to reconsider its Order denying Petitioner's Motion for an Evidentiary Hearing. Petitioner's Motion for Reconsideration (Doc. 181) is denied.

_____
Robert D. Mariani
United States District Judge